UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Tamiko Conway, *on behalf of herself and others similarly situated*, | ) Case No: <br> ) <br> ) CLASS ACTION COMPLAINT |
| Plaintiff, | ) <br> ) JURY TRIAL DEMANDED |
| v. | ) <br> ) |
| GC Services, LP, | ) <br> ) |
| Defendant. | ) <br> ) |

**Nature of this Action**

1.  Tamiko Conway ("Plaintiff") brings this class action against GC Services, LP ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.  Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

**Jurisdiction and Venue**

3.  This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), and 28 U.S.C. § 1331.

4.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

5.      For example, Defendant directed artificial or prerecorded voice messages to Plaintiff's cellular telephone in this district, and Plaintiff received Defendant's artificial or prerecorded voice messages in this district.

## Parties

6.      Plaintiff is a natural person who at relevant times resided in Detroit, Michigan.

7.      Plaintiff is "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Defendant is a "Business Process Outsourcing" company based in Houston, Texas.[1]

## Factual Allegations

9.      Plaintiff is, and has been at all times relevant to this action, the regular and sole user of her cellular telephone number—(313)-624-XXXX.

10.     For years Plaintiff has received on telephone number (313)-624-XXXX sporadic—but numerous—wrong number telephone calls seeking to collect alleged debts from a "Davonte Portis."

11.     Beginning on or about February 2022, Defendant began placing calls to telephone number (313)-624-XXXX intending to reach someone named Davonte Portis.

---

[1]     https://gcservices.info/core-services/ (last visited May 4, 2022).

12. On at least two occasions, in response to Defendant's calls to telephone number (313)-624-XXXX, Plaintiff answered a call from Defendant and was greeted with an artificial or prerecorded voice informing Plaintiff that Defendant was calling to collect upon an alleged debt owed by a person named Davonte Portis.

13. On each of these occasions Plaintiff was unable to speak to a live human representative of Defendant.

14. Following one of Defendant's telephone calls to telephone number (313)-624-XXXX, Plaintiff called Defendant back and informed Defendant that she did not know Davonte Portis, informed Defendant that it was placing calls and delivering voice messages to a wrong number, and instructed Defendant to stop placing calls to her telephone number.

15. However, on at least one occasion thereafter Defendant placed a telephone call to telephone number (313)-624-XXXX, in connection with which it used an artificial or prerecorded voice.

16. Plaintiff does not know Davonte Portis.

17. Plaintiff does not have an account in collections with Defendant.

18. Plaintiff does not, nor did, owe a debt in default to Defendant or one of Defendant's clients.

19. Plaintiff does not, nor did, have any business relationship with Defendant.

20. Plaintiff does not, nor did, owe any money to Defendant.

21. Plaintiff did not provide telephone number (313)-624-XXXX to Defendant.

22. Plaintiff did not give Defendant prior express consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (313)-624-XXXX.

23. Defendant placed its calls and delivered artificial or prerecorded voice messages to telephone number (313)-624-XXXX in an effort to reach a third party, not related to Plaintiff in any personal or professional manner.

24. Defendant placed its calls and delivered artificial or prerecorded voice messages to telephone number (313)-624-XXXX for non-emergency purposes.

25. Defendant placed its calls and delivered artificial or prerecorded voice messages to telephone number (313)-624-XXXX voluntarily.

26. Defendant placed its calls and delivered artificial or prerecorded voice messages to telephone number (313)-624-XXXX under its own free will.

27. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the calls it placed to telephone number (313)-624-XXXX.

28. Plaintiff suffered actual harm as a result Defendant's calls and artificial or prerecorded voice messages in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

29. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## Class Action Allegations

30. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom GC Services, LP placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account in collections with GC Services, LP, (3) in connection with which GC Services, LP used an artificial or prerecorded voice, (4) from four years preceding the date of this class action complaint through the date of class certification.

31. Excluded from the class is Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

32. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

33. The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

34. The class is ascertainable because the class is defined by reference to

objective criteria.

35. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

36. Plaintiff's claims are typical of the claims of the members of the class.

37. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

38. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

39. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

40. Plaintiff suffered the same injuries as the members of the class.

41. Plaintiff will fairly and adequately protect the interests of the members of the class.

42. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

43. Plaintiff will vigorously pursue the claims of the members of the class.

44. Plaintiff has retained counsel experienced and competent in class action litigation.

45. Plaintiff's counsel will vigorously pursue this matter.

46. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

47. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

48. Issues of law and fact common to all members of the class are:

   a. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

   b. Defendant's conduct, pattern, and practice as it pertains to placing calls in connection with which it used an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

   c. Defendant's use of an artificial or prerecorded voice;

   d. Defendant's violations of the TCPA;

   e. The availability of statutory penalties.

49. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

50. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

51. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

52. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

53. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

54. The damages suffered by each individual member of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

55. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

56. There will be little difficulty in the management of this action as a class action.

57. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

58. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-58.

59. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

60. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the class under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the c lass, in connection with which it uses an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: May 17, 2022    /s/ *Alexander D. Kruzyk*
Alexander D. Kruzyk
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
5550 Glades Road

Suite 500
Boca Raton, FL 33431
Tel: (512) 425-4034
akruzyk@gdrlawfirm.com
aradbil@gdrlawfirm.com

Andrew Campbell
Attorney at Law
5080 W. Bristol Road Suite 4
Flint, MI  48507
Tel: (810) 232-4344
michiganbk@gmail.com

*Counsel for Plaintiff and the proposed class*

11